LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-07286 BRO (AGRx) | Date | October 11, 2016 |
|---|---|---|---|
| Title | YVONNE NAPOLEON V. XO COMMUNICATIONS ET AL. | | |

Present: The Honorable   **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**        (IN CHAMBERS)

## ORDER TO SHOW CAUSE
## RE SUBJECT MATTER JURISDICTION

Plaintiff Yvonne Napoleon ("Plaintiff") brought this action in the Superior Court of California, County of Los Angeles, on August 23, 2016.  (*See* Dkt. No. 1-1.)  Defendants XO Communications,[1] XO Communications Services, LLC, and XO Communications, LLC (collectively, "Defendants") removed the action to this Court on September 28, 2016, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  (Dkt. No. 1 (hereinafter, "Removal").)

A federal court must determine its own jurisdiction, even where there is no objection to it.  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).  Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Further, "[t]he 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

---

[1] Defendant XO Communications has not appeared in this matter.

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-07286 BRO (AGRx) | Date | October 11, 2016 |
|---|---|---|---|
| Title | YVONNE NAPOLEON V. XO COMMUNICATIONS ET AL. | | |

Under § 1332, the Court has federal subject matter jurisdiction so long as all plaintiffs are diverse from all defendants and the amount in controversy is, at minimum, $75,000.  *See* 28 U.S.C. § 1332(a).  Here, Defendants' Removal sufficiently alleges that Plaintiff is a California resident and that the amount in controversy is at least $132,208.27.  (*See* Removal ¶¶ 12, 16.)  However, Defendants' allegations regarding their own citizenship is not satisfactory.  First, in their Removal, Defendants do not adequately indicate the citizenship of XO Communications Services, LLC, as they only state in a conclusory manner that it is not a citizen or resident of California.[2]  (*See* Removal ¶ 13.)  In addition, Defendants provide only conclusory information regarding the citizenship of XO Communications, LLC.  (*See id.*)  Defendants explain that XO Communications, LLC is at the bottom of lengthy ownership chain of other limited liability companies, partnerships, and corporations[3]; however, Defendants provide only conclusory information as to the majority of the companies higher in its ownership chain.  (*Id.*)  For instance, Defendants explain that XO Holdings, one partnership in the chain, is "owned and controlled by other intermediary limited liability companies."  (*Id.*)  Defendants do not indicate the names of these other companies or how many of these companies there are.  (*See id.*)  Though Defendants claim that these companies are owned by other corporations and limited liability companies and summarily provides the Court with the citizenship of those companies, the Court finds the information that Defendants have provided is insufficient to adequately determine XO Communications, LLC's citizenship for jurisdictional purposes.

---

[2] It appears there may have been a typographical error in Defendants' Removal as paragraph 13 begins with "LLC's sole member . . . ."  (*See* Removal ¶ 13.)  The Court makes no assumptions as to what information Defendants intended to include.

[3] An LLC's citizenship is determined by the citizenship of its members.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006).  Similarly, a partnership's citizenship is also determined by the citizenship of its members.  *See id.* at 899.  A corporation, however, is the citizen of the state(s) in which it is incorporated and in which it has its principal place of business.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010).

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-07286 BRO (AGRx) | Date | October 11, 2016 |
|---|---|---|---|
| Title | YVONNE NAPOLEON V. XO COMMUNICATIONS ET AL. | | |

Accordingly, Defendant is **ORDERED to show cause** as to why this case should not be dismissed for lack of subject matter jurisdiction.  An appropriate response will: (1) include an explanation of the citizenship of XO Communications Services, LLC; and, (2) properly identify and indicate the citizenship of each of the limited liability companies, partnerships, and corporations that are involved in the ownership chain of XO Communications, LLC.  Defendants shall file their response to this Order **no later than Friday, October 14, 2016, at 4:00 p.m.**

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |